**NO. D-1-GN-25-003987**

| THE STATE OF TEXAS | ' | IN THE DISTRICT COURT OF |
|---|---|---|
| | ' | |
| VS | ' | TRAVIS COUNTY, TEXAS |
| | ' | |
| ERIC BURNS DICK | ' | 250TH JUDICIAL DISTRICT |

## <u>ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE, TCPA MOTION, AND MOTION PURSUANT TO RULE 91A</u>

BE IT REMEMBERED that on December 2, 2025, the Defendant's Motion to Transfer Venue, Motion to Dismiss Pursuant to the Texas Citizens' Participation Act, and Motion to Dismiss Pursuant to Rule 91A, Texas Rules of Civil Procedure came before the court for hearing.

The Court observes that this is an enforcement action brought by the State to compel compliance with final orders of the Texas Ethics Commission. Therefore, venue is proper in the District Courts of Travis County, Texas pursuant to the provisions of Tex. Gov't Code Sections 2001.202 and 2001.176, and Defendant's Motion to Transfer Venue is denied.

The Court observes that Tex. Civil Practice and Remedies Code Sec. 27.010(a)(1) makes enforcement actions brought by the State exempt from the Texas Citizens' Participation Act. Therefore, Defendant's Motion to Dismiss under that Act is denied.

The court observes that Rule 91A, Texas Rules of Civil Procedure provides for dismissal of a cause of action on the grounds that it has no basis in law or fact. Plaintiff supports its petition with final orders of the Texas Ethics Commission and pleads for enforcement pursuant to Tex. Gov't Code Sec. 2001.202. The State's cause of action in this case does not meet the conditions for dismissal under Rule 91A, and therefore Defendant's Motion to Dismiss Pursuant to Rule 91A is denied.

SIGNED on December 2, 2025.

_____
JUDGE PRESIDING